IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RALPH D. GWILYM, JR.,** :
:
    **Plaintiff** : **CIVIL NO. 1:CV-12-2508**
:
    v. : **(Judge Rambo)**
:
**WARDEN DUANE BLACK,** *et al.*, :
:
    **Defendants** :

## **M E M O R A N D U M**

**I.**     **Background**

Plaintiff Ralph D. Gwilym, Jr., an inmate currently incarcerated at the Centre County Prison in Bellefonte, Pennsylvania, commenced this civil rights action with a complaint filed on December 17, 2012, pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.) In his complaint, Plaintiff makes several allegations with respect to inadequate medical care for his multiple sclerosis at Centre County Prison.

By order dated January 2, 2013, the court directed service of the complaint on all Defendants named therein.[1] (Doc. 7.) On February 15, 2013, Defendants filed a motion to dismiss the complaint and a supporting brief. (Docs. 12 & 13.) Pursuant to M.D. Pa. Local Rule 7.6, Plaintiff had fourteen (14) days from the

---

[1] In that order, the court dismissed as parties Defendants Huntingdon County Prison and Huntingdon County Parole and Probation as not properly named defendants in a § 1983 action. (*See* Doc. 7.)

service of Defendants' motion and brief to file a brief in opposition to the motion. Within that time period, Plaintiff neither made the appropriate filing nor requested an extension of time in which to do so. As a result, by order dated April 10, 2013, the court directed Plaintiff to file a brief in opposition to the motion to dismiss on or before April 23, 2013. (Doc. 14.) The order also forewarned Plaintiff that if he failed to oppose the motion within that time period allotted by the court, the court would grant the motion to dismiss without a merits analysis. *See* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Although two (2) weeks have passed since Plaintiff's opposition to the motion to dismiss was due, he has neither made the appropriate filing nor filed an extension of time in which to do so.

Therefore, for the reasons set forth below, the motion to dismiss will be deemed unopposed and granted without a merits analysis, Plaintiff's complaint will be dismissed with prejudice for failure to prosecute and for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and the Clerk of Court will be directed to close the case.

## II. Discussion

Generally, a dispositive motion may not be granted merely because it is

unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. [footnote omitted] The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Id.* at 629-30.

The Third Circuit Court of Appeals held in *Stackhouse* that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. 951 F.2d at 30. However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed

3

and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked.*

*Stackhouse*, 951 F.2d at 30 (emphasis added); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) ("*Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . . [N]ot all of the *Poulis* factors[2] need be satisfied in order to dismiss a complaint . . . . Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

In the instant case, Plaintiff was advised of the requirements of Local Rule 7.6[3] in the Standing Practice Order issued in this case on December 17, 2012.

---

[2] The Court of Appeals in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

[3] Middle District Local Rule 7.6 provides that a party opposing a motion must file a brief in opposition to the motion within fourteen (14) days, and that if the opposition is not filed

(Doc. 6.) Further, he specifically was directed to comply with Local Rule 7.6 in the court's April 10, 2013 order directing him to file a brief in opposition, and was warned of the consequences of failing to timely file his opposition. (Doc. 14.) Even so, to date Plaintiff has failed to file a brief in opposition or seek an extension of time in which to do so. In all, Plaintiff's as-yet unfiled response is more than 8 weeks delinquent from its original deadline. As a result, the court concludes that Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*. *See supra* note 2, at 4. Accordingly, the court will deem the pending motion to dismiss to be unopposed and will grant the motion, dismiss the complaint in this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order, and direct that this case be closed.

    An appropriate order will issue.

                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated: May 7, 2013.

---

within the required time, he or she will be deemed not to oppose the moving party's motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**RALPH D. GWILYM, JR.,** :
:
    **Plaintiff** : CIVIL NO. 1:CV-12-2508
:
v. : (Judge Rambo)
:
**WARDEN DUANE BLACK,** *et al.*, :
:
    **Defendants** :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The unopposed motion to dismiss (Doc. 12) is **GRANTED**.

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with a court order.

3) The Clerk of Court is directed to **CLOSE** this case.

4) Any appeal from this order will be deemed frivolous, without probable cause, and not taken in good faith.

                                                        s/Sylvia H. Rambo
                                                     United States District Judge

Dated: May 7, 2013.